Miguel Angel LOPEZ, Jr., Appellant,

v.

Larry G. MASSANARI, Acting
Commissioner of Social
Security.*

Nos. 01–2360.

United States Court of Appeals,
Third Circuit.

Argued Jan. 7, 2002.

Filed Feb. 6, 2002.

Abraham S. Alter [Argued], Langton &
Alter, Rahway, NJ, Counsel for Appellant.

Peter G. O'Malley [Argued], Office of
the U.S. Attorney, Newark, NJ, Counsel
for Appellee.

Before: MANSMANN, RENDELL and
FUENTES, Circuit Judges.

## MEMORANDUM OPINION

RENDELL, Circuit Judge.

Miguel Angel Lopez, Jr., appeals from
the District Court's ruling upholding the
determination of the Administrative Law
Judge ("ALJ") that Lopez was not under a
"disability," as defined in the Social Securi-
ty Act, at any time through June 30, 1995.
Lopez was awarded benefits with an onset
date of July 1, 1995, based on other claims
filed while the instant claim was on appeal.

The District Court had jurisdiction over
this matter pursuant to 42 U.S.C. § 405(g),
and we have jurisdiction on appeal pursu-
ant to 28 U.S.C. § 1291.

Our standard of review requires us to
determine whether there the ALJ's deter-
mination was based on "substantial evi-
dence." 42 U.S.C. § 405(g). Substantial
evidence requires "more than a mere scin-
tilla. It means such relevant evidence as a
reasonable mind might accept as adequate
to support a conclusion." *Richardson v.
Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420,
28 L.Ed.2d 842 (1971) (citation omitted).

* (Pursuant to F.R.A.P. 43(c)).

Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir.2001).

The parties are familiar with the procedural history of this matter, and the District Court ably set forth an analysis not only of that history but also the facts of this matter, as well as the medical evidence, in a 25–page opinion. Because we write essentially for the parties, we will not recount the history or facts in detail, except to note that this appeal is from a reconsideration order and opinion of the ALJ, issued after a remand by the Appeals Council. That remand order instructed the ALJ to consider certain matters in the record, which the ALJ did in his subsequent opinion.

Lopez filed exceptions to this decision, but they were not addressed by the Appeals Council, because they were 21 days late and, accordingly, the reconsideration opinion of the ALJ became the final decision of the Commissioner on May 22, 1998.

Lopez had been a heavy maintenance laborer for a construction company in 1987 and, thereafter, held various jobs involving heavy work (such as material handler, machine tender, and machine operator). He ceased this work in August of 1992, due to the relocation of the company for which he was working. Thereafter, in 1993, he was a compressor operator in a pharmaceutical company, but he was laid off and has not worked since 1993.

Lopez has suffered from schizophrenia since 1992 and admitted having problems with alcohol and drugs. Lopez was seen by a doctor in 1992, because of hallucinations, and then again in 1994, at the recommendation of the Social Security Administration. He alleges disability starting in April of 1992 due to paranoid schizophrenia causing hallucinations and delusions, but did not take medication from 1992 until 1995.

The ALJ examined several medical reports submitted as part of the original record and supplemented on reconsideration by additional reports covering a nine-month period in 1995. These reports reveal mental illness dating back to 1978 and a diagnosis in 1992, while he was still working, of "delusional paranoid disorder and multiple substance abuse by history."

In February of 1995, Lopez was admitted to a psychiatric program, complaining of auditory and visual hallucinations and insomnia. He had not been taking his medication. In March, he was discharged with medication and, thereafter, from April to December, he took medication under supervision, and reports from June 5 to June 9 indicate that he "was very productive in the thrift store."

The District Court reviewed all of the medical treatment records, and medical opinions, with respect to Lopez's condition, and also reviewed the sequential evaluation followed by the ALJ and his ultimate ruling. The District Court specifically addressed the contentions raised by Lopez that are at the heart of his argument on appeal.

Lopez claims that the ALJ failed to follow the Appeals Council's directive on remand instructing the ALJ to "specifically address" the statement of Dr. Jortner, Lopez's treating physician, made sometime in March or April of 1995, that Lopez "appears unable to function in an occupational capacity," and also Dr. Jortner's statement later that year that jury duty would be "too stressful" for Lopez.

The ALJ, on remand, reviewed the medical records that had been supplied for the period of nine months in 1995 and noted the factual basis, namely, lack of medi-

cation, that appears to have been at the heart of Dr. Jortner's initial statement. The ALJ noted that Lopez was lucid, coherent, and his testimony articulate at the hearing before him in April 1995. The ALJ noted further that Dr. Jortner made this statement without citing any specific medical evidence to support the view that Lopez was unable to work.

The ALJ also noted that the "jury duty" comment was not necessarily relevant, because he did not consider the requirements of jury duty to be similar to those of unskilled, simple work, which was the work that Lopez had been engaged in for his livelihood. The ALJ notes, "Clearly, Dr. Jo[r]tner was being cautious in attempting to have the claimant excused from jury duty, but I find that it has little relevance to the issue at hand."

The ALJ also addressed a further report from a treating physician, Dr. C.T. Lanez, that was undated, but made at some point after March of 1995, stating that Lopez "was unable to work at any occupation." However, because this was undated, it was impossible to assess its relevance, especially because it is noted that as of July 1, Lopez was afforded benefits. The ALJ concluded that "these opinions [are] very summary and conclusionary and wholly unsupported by objective medical findings of the sources rendering the opinions. Moreover, the conclusions are largely vocational in nature and are not supported by the record as a whole."

We agree with the District Court that the record as a whole, including the description of the activities in which Lopez was engaged at the relevant time, reveals that substantial evidence supported the ALJ's ruling. The opinions relied upon by Lopez are conclusory in nature and, as noted by the ALJ, unsupported by medical findings. We note the statutory require-

ments that evidence of a "physical or mental impairment" must be "demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). "An individual shall not be considered to be under a disability unless he [or she] furnishes such medical and other evidence of the existence thereof as the Commissioner may require." 42 U.S.C. § 423(d)(5)(A).

We agree with the ALJ and the District Court that the "opinions" relied upon by Lopez are not the type of specific medical opinions upon which a finding of disability can be made. Further, their bold conclusions are undermined by the treatment records and description of Lopez' condition and daily routine during the relevant time period. We cannot conclude that the ALJ did not have "substantial evidence" to support his finding that Lopez was not disabled at any time prior to July 1, 1995.

Accordingly, we will AFFIRM.